**FAMILY LAW − DOMESTIC VIOLENCE − UNAUTHORIZED PRACTICE OF LAW − ACTIVITIES OF LAY ADVOCATES**

December 19, 1995

*The Honorable Ann Marie Doory*
*House of Delegates*

You have requested our opinion whether lay advocates who provide certain services to victims of domestic violence engage in the unauthorized practice of law.  As you point out, lay advocates often provide important information about medical or social services available outside the court system to victims of domestic violence; activities of this kind raise no significant issue of unauthorized practice of law.

Your concern is with activities that relate to the legal system. Specifically, you ask whether lay advocates may: (i) provide information to domestic violence victims about legal options and remedies available to them; (ii) provide information to victims about court proceedings, including the role of witnesses; (iii) provide assistance to victims in preparing form pleadings, either using their own language or that of the victim; (iv) provide "non-legal assistance" to victims during judicial proceedings; (v) sit at trial table with victims; and (vi) engage in advocacy on behalf of victims' rights before State's Attorneys and other public officials.  In addition, you ask whether a regulation of the Department of Human Resources, COMAR 07.06.04.05, authorizes these activities.

Our opinion is as follows:

1.    A lay advocate may:

(i) provide victims with basic information about the existence of legal rights and remedies;

(ii) provide victims with basic information about the manner in which judicial proceedings are conducted;

(iii) assist a victim to prepare a legal pleading or other legal document on her own behalf by defining unfamiliar terms on a form, explaining where on a form the victim is to provide certain information, and if necessary transcribing or otherwise recording the victim's own words verbatim;

(iv) sit with a victim at trial table, if permitted by the court; and

(v) engage in the general advocacy of the rights of battered women as a group.

2. Except under the supervision of an attorney, a lay advocate may not:

(i) provide any advice relating to a victim's rights or remedies, including whether a victim's particular circumstances suggest that she should pursue a particular remedy;

(ii) provide information about the legal aspects of judicial proceedings, such as how to present a case, call witnesses, introduce evidence, and the like;

(iii) use the advocate's own language in preparing or filling out form pleadings or other legal documents; or

(iv) engage in advocacy before any governmental representative on behalf of an individual victim.

3. The regulation in question, COMAR 07.06.04.05, does not authorize a lay advocate to engage in any activities that are otherwise forbidden.

# I

## Scope of the Practice of Law

In general, a person may practice law in Maryland only if admitted to the Bar by the Court of Appeals. §§10-206 and 10-601 of the Business Occupations and Professions ("BOP") Article, Maryland Code. The unauthorized practice of law is a misdemeanor and is also subject to injunction. BOP §§10-606(a) and 10-406. Moreover, Maryland Rule of Professional Conduct 5.5(b) prohibits a lawyer from "assist[ing] a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law."

Yet the comment to this rule recognizes a reality of legal practice: "Paragraph (b) does not prohibit a lawyer from employing the services of paraprofessionals and delegating functions to them, so long as the lawyer supervises the delegated work and retains responsibility for their work." In addition, Rule of Professional Conduct 5.3 identifies a lawyer's responsibilities regarding "nonlawyer assistants." Therefore, this opinion's discussion of the potential for unauthorized practice of law by lay advocates does *not* apply to the activities of lay advocates that are performed on behalf of a lawyer's client and are supervised by the lawyer. Even if some of these activities might constitute the "practice of law," with proper supervision and accountability they are not the "*unauthorized* practice of law." *See In re Opinion 24*, 607 A.2d 962 (N.J. 1992).

Our discussion in the balance of this opinion assumes that other lay advocates carry out their activities without a lawyer's supervision. For these lay advocates, the scope of the "practice of law" is crucial.

Exactly what constitutes the practice of law is generally for the courts to decide. *Public Service Comm'n v. Hahn Transportation, Inc.*, 253 Md. 571, 583, 253 A.2d 845 (1969). In Maryland, as elsewhere, however, the legislative and judicial branches have shared this responsibility, reaching a "comfortable accommodation." *Id.*

Under the General Assembly's definition of "practice of law," the term encompasses giving legal advice, representing another person before a court or other governmental unit, and preparing or assisting in the preparation of a form or document to be filed in court. BOP §10-101(h).[1] This is an inevitably imprecise definition, leaving construction on a case-by-case basis to the courts. *Hahn,* 253 Md. at 583. *See also Unauthorized Practice Committee v. Cortez*, 692 S.W.2d 47, 51 (Tex. 1985) (courts have inherent power and duty to determine what constitutes the practice of law in any given case.)

The Court of Appeals has construed the statute to preclude a layperson from preparing and filing pleadings in a contested case or appearing and engaging in representation at trial on behalf of another. *Hahn,* 253 Md. at 580-581. Further, the Court of Special Appeals held that even where trial work is not involved, an individual is practicing law if he or she is preparing legal documents, interpreting legal documents, giving legal advice, or "applying legal principles to problems of any complexity." *Lukas v. Bar Association of Montgomery County,* 35 Md. App. 442, 448, 371 A.2d 669 (1977), *cert. denied*, 250 Md. 733 (1977) (citations omitted). The test, stated generally, is whether the activity requires "more than the most elementary knowledge of law, or more than that which [a layperson] may be deemed to possess." *Id*. (citation omitted).

The Court in *Lukas* made clear, however, that this prohibition does not extend to "mere mechanical" functions, like filling out forms or performing clerical work. *Id.* Echoing *Lukas*, an opinion of this office drew the same distinction, finding that "nonlawyers may fill out forms and perform other purely mechanical functions, [but] may not represent [clients] at hearings …, nor may they give legal advice, interpret legal documents, or apply legal principles to any problems of complexity for a client." 65 *Opinions of the Attorney General* 28 (1980).

---

[1] The statute also enumerates several very specific functions, not pertinent here, that are also considered the practice of law. Finally, the statutory definition incorporates "any other service that the Court of Appeals defines as practicing law." *Id.* The Court of Appeals has not identified other services, however.

We have also concluded that the simple act of providing *information* about legal rights, as opposed to offering advice about such rights and what to do about them, is not unauthorized. In deciding that a social worker may inform a birth parent about his or her statutory right to revoke consent to adoption, we stated that the "mere conveying of information about a provision of law" does not constitute the practice of law. 79 *Opinions of the Attorney General* 173 (1994). Observing that a rule to the contrary would grind commerce and government to a halt, we said that "the line of unauthorized practice is potentially crossed when someone who is not a lawyer purports to give professional advice about another person's legal situation or suggests a course of conduct based on an interpretation of the law, [but] the line is not crossed by the unadorned provision of information." 79 *Opinions of the Attorney General* 173 at 175.

## II

### Prohibited and Permissible Services

Under these principles, some of the services lay advocates provide victims of domestic violence constitute the unauthorized practice of law; others do not. What follows is our analysis of each of the services identified in your letter.

### *A.   General Information*

Lay advocates may provide information to victims about their potential legal rights and remedies. In doing so, however, they must be careful to limit their activity to the unadorned conveyance of information about what rights and remedies exist. They may not help victims decide, based upon the victims' particular circumstances, whether to invoke any of their rights or pursue any of their potential remedies. Providing this latter assistance would be improperly suggesting a "course of conduct." 79 *Opinions of the Attorney General* at 175. *See also Cortez*, 692 S.W.2d at 50 (advising clients as to whether they qualified to file various petitions and whether they should file various immigration forms required legal skill and was thus unauthorized practice of law).

### B.    *Information About Court Proceedings*

Lay advocates may inform victims about purely nonlegal, basic matters such as appropriate attire, where to sit, and so forth. They may also provide a general orientation or overview about the kind of proceeding involved. This kind of information is not legal advice.

Providing any more particular or individualized information about judicial proceedings, such as how to present a case, call witnesses, cross-examine witnesses, introduce documents, and the like, requires a specialized knowledge ordinarily beyond the purview of a layperson. *See Lukas*, 35 Md. App. at 448-49. *See also Matter of Bright*, 171 B.R. 799 (Bkrtcy. E. D. Mich. 1994) (paralegal engaged in unauthorized practice where she advised clients regarding proper testimony and provided them with basic information about local bankruptcy court procedures and requirements). A lay advocate who advised a victim on how her case should be presented or defended would violate BOP §10-206.

### C.    *Trial Activities*

Lay advocates may sit at trial table or stand by the victim in the courtroom, subject to the discretion of the trial judge, provided they do not engage in any activities otherwise prohibited. They may not hold themselves out as representatives of victims or provide victims with any kind of assistance at trial that constitutes unauthorized practice.

### D.    *Preparation of Pleadings*

Lay advocates may help a victim fill out a form pleading herself by defining terms in the instructions that might be unclear to the victim or by pointing out where on the form particular information is to be set out. Lay advocates may themselves fill out a form pleading (for a person who is illiterate, for example) *only if* the assistance is limited to transcribing or recording verbatim the victim's own language. The typing or other transcription of a victim's own words constitutes a "purely mechanical function" permitted by BOP §10-206. *See, e.g.,* 65 *Opinions of the Attorney General* at 28. *See also Brammer v. Taylor*, 338 S.E.2d 207, 212 (W.Va. 1985) (merely typing a legal instrument drafted by another person, or merely reducing words of another person to writing, does not constitute the unauthorized preparation of a legal document).

On the other hand, lay advocates may not assist in filling out forms or form pleadings "using their own words," or summarizing information given them by a client. This degree of aid rises impermissibly to the level of applying facts to the law in the "preparation" of a legal document. *See Matter of Bright*, 171 B.R. at 803-04 (deciding where information should be placed on bankruptcy forms and in what format, deciding what property should be listed, and adding language to forms not dictated by clients constitute unauthorized practice); *Akron Bar Association v. Singleton,* 573 N.E.2d 1249, 1250 (Ohio Bd. Unauth. Prac. 1990) (selling of "dissolution kits" is unauthorized practice of law when layperson prepared dissolution of marriage form pleadings based on information sheet completed by clients); *State v. Hunt,* 880 P.2d 96, 100 (Wash. App. 1994) (preparation of legal forms constitutes unauthorized practice).

### *E.    Government Advocacy*

Lay advocates may not urge Assistant State's Attorneys or other government employees to follow a particular course of action in an individual case, if the advocate purports to do so on behalf of individual victims. This type of advocacy would be "representing" a client before a governmental unit. *See* BOP §10-101(h)(1)(ii). *See also In re Disciplinary Action Against Ray*, 452 N.W.2d 689, 693 (Minn. 1990) (advising clients in legal matter and attempting to negotiate a settlement constitutes unauthorized practice). However, advocates could speak with governmental representatives on behalf of victims' rights generally, without reference to any particular case or individual.

### III

### Effect of DHR Regulation

COMAR 07.06.04.05 does not authorize any of the activities that are otherwise forbidden. This regulation, adopted by the Community Services Administration of the Department of Human Resources, states that local battered spouse programs may provide, among other things, "[l]egal services and counseling as provided by attorneys or paralegal personnel." COMAR 07.06.04.05B(2).

This regulation is not a general warrant for lay advocates to provide legal services and counseling. First, the regulation itself states that these services are to be provided by an attorney or paralegal. Second, to the extent that some lay advocates may be paralegals, the regulation does not — indeed, could not — confer any special authorization on paralegals. *See Hahn,* 253 Md. at 583. Paralegals are bound by the same restrictions on the practice of law as any other group.[2] Thus, the regulation does not authorize paralegals or lay advocates to perform any function that would constitute the unauthorized practice of law.

## IV

## Policy Considerations

The prohibition against unauthorized practice undoubtedly furthers an important goal — to "protect the public from being preyed upon by ... incompetent, unethical, or irresponsible representation." *In re Application of R.G.S.,* 312 Md. 626, 638, 541 A.2d 977 (1988). However, this concern would hardly seem to be the paramount in this context. Rather, victims of domestic violence are being "preyed upon" in ways far more threatening than the specter of inadequate representation. Lay advocates could help victims assert legal rights that they would otherwise have no means of pursuing. Battered women need legal assistance desperately and too often cannot find it within the legal community.

A recent American Bar Association report concluded that, when sufficient protections are in place, nonlawyers have important roles to perform in providing the public with access to justice. *Nonlawyer Activity in Law-Related Situations* (August 1995). Lay advocates working on behalf of battered women would seem an excellent example. They provide assistance to women who need to escape violence quickly and who often lack the means to obtain other help. Indeed, the ABA report makes specific reference to the vital function of the lay advocate in the domestic violence context. In our view, the General Assembly should consider authorizing lay

---

[2] In Part II above, we discuss the expanded range of activities that a paralegal or other nonlawyer may perform under the direct supervision of an attorney and for which the attorney is responsible.

advocates to provide much-needed help that may not be permissible now.

J. Joseph Curran, Jr.
*Attorney General*

Carolyn Quattrocki
*Special Assistant to the*
 *Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*